UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CARLOS HERRING,

                Petitioner,

       -against-                        ORDER ADOPTING REPORT
                                                   AND RECOMMENDATION

SUPERINTENDENT M. CAPRA,              13-CV-8946 (CS)(LMS)

                Respondent.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Petitioner's objection, (Doc. 49), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith ("R&R"), (Doc. 43), recommending that Petitioner's application for a writ of *habeas corpus* be denied.

      A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report

to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

      Petitioner objects only to the Magistrate Judge's recommendation that the Court deny Petitioner's claim that he was deprived of a fair trial because Juror 11 slept during some of the testimony and some of the deliberations. The trial court inquired of Juror 11 during the testimony and no party raised an objection or requested her removal at that time. Only the objection to the retention of Juror 11 during deliberations was preserved for review and actually reviewed by the state courts. In that regard, this Court cannot say that the decisions of the Appellate Division and Court of Appeals that the trial judge acted within his discretion in not discharging the juror was "contrary to, or involved an unreasonable application of, clearly established federal law," or were "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

      As the Magistrate Judge noted, a claim of deprivation of the right to a fair jury based on juror misconduct requires Petitioner to show prejudice. (*See* R&R, at 12 (citing cases).) Petitioner here states in conclusory fashion that he was prejudiced but has not pointed to anything specific regarding the juror's participation in the deliberations that prejudiced him. Further, it was within the discretion of the trial judge – who was able to personally observe the situation – to credit Juror 11's assurance that she was able to discharge her duties over Juror 7's

accusation that she was not. *See Wainwright v. Witt*, 469 U.S. 412, 424-26 (1985) (trial court in best position to assess alleged juror misconduct); *United States v. Aiello*, 771 F.2d 621, 629 (2d Cir. 1985) (trial judge has "wide discretion to decide upon the appropriate course to take, in view of his personal observations of the jurors and parties"), *abrogated on other grounds by Rutledge v. United States*, 517 U.S. 292 (1996). Petitioner has not overcome the "dual layers of deference," *Renico v. Lett*, 559 U.S. 766, 778 (2010), arising from the trial judge's discretion and the deference a *habeas* court is obliged to apply to state-court decisions under § 2254(d).

I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.

Thus, the R&R is adopted as the decision of the Court. As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:  December 20, 2016
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.